UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WANDA TINDALL, Individually And as the personal representative of the Estate of JACKIE TINDALL, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 17-1221 |
| UNION PACIFIC RAILROAD COMPANY, | ) ) ) ) | |
| Defendant. | ) | |
| CHERYL PUFFER, as the personal representative of the Estate of CHARLES PUFFER, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 17-1222 |
| UNION PACIFIC RAILROAD COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER AND OPINION

The above-captioned cases are before the Court on Motions [7], [7] by Defendant, Union Pacific Railroad Company, to Dismiss the Complaints of Plaintiff Wanda Tindall and Plaintiff Cheryl Puffer. For the reasons set forth below, Defendant's Motions [7], [7] are DENIED. Plaintiff Tindall and Plaintiff Puffer are GRANTED leave to file amended complaints in their respective cases within 21 days from the entry of this Order.

### BACKGROUND

Plaintiff Tindall and Plaintiff Puffer filed these actions against Union Pacific Railroad Company ("UPRC") on May 19, 2017, and both filed an Amended Complaint on August 11,

1

2017. Both Complaints allege that Defendant violated the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.* Plaintiff Tindall's husband, Jackie Tindall, worked as a brakeman and conductor for Defendant for 38 years before developing cancer which proved to be fatal. Plaintiff Puffer's husband, Charles Puffer, was employed by Defendant for 43 years before developing cancer resulting in his death. Both Plaintiffs allege that the decedents were exposed to various toxic substances and carcinogens during the course of and in the scope of their employment with Defendant, and that their cancer was the result of Defendant's negligence. Both Plaintiffs seek damages in the amount of $150,000.

On August 25, 2017, Defendant filed Motions to Dismiss Tindall and Puffer's Complaints under Federal Rule of Civil Procedure 12(b)(1). Therein, Defendant alleges that this Court lacks subject matter jurisdiction to hear the Plaintiffs' Complaints because the Plaintiffs failed to establish their capacity as personal representatives of decedents—a requirement under FELA. See 45 U.S.C. § 51. Defendant argues that capacity to sue under FELA is a jurisdictional prerequisite, and because jurisdiction must be present at the time the case is filed, see, e.g., *Groupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004), the jurisdictional defect cannot be cured by later amendment and the case must be dismissed.

Plaintiffs filed Responses to Defendant's Motions, explaining that Tindall and Puffer were each appointed Executrix of the decedents' estates and did not seek formal appointment as personal representative of the decedents' estates because they were not required to do so under Arkansas and Missouri law. Attached to both responses are copies of the decedents' wills. Plaintiffs request leave of court to perfect their status as representatives of their respective estates before filing amended complaints. Plaintiffs argue that leave to amend should be granted because the amendments will not allege new facts or assert any different causes of action, but will merely

2

set forth the fact that the Plaintiffs are indeed the personal representatives of the decedents' estates. Because the amended filings would relate back to the original Complaints, Plaintiffs argue, dismissal is unnecessary and inappropriate. On September 14, 2017, Plaintiffs filed Notices of Supplementation of the Record informing the court of a favorable decision in a similar case in the District of Nebraska. See *West v. Union Pac. R.R. Co.*, Case No. 8:17-cv-36 (D. Neb. Sept. 12, 2017).

**LEGAL STANDARD**

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff and all well-pleaded factual allegations are taken as true. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Hishon v. King & Spalding*, 467 U.S. 69 (1984); *Lanigan v. Village of East Hazel Crest*, 110 F.3d 467 (7th Cir. 1997); *M.C.M. Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.*, 62 F.3d 967, 969 (7th Cir. 1995); *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75 (7th Cir. 1992). "As a jurisdictional requirement, the plaintiff bears the burden of establishing standing." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009). "[W]hen considering a motion that launches a factual attack against jurisdiction, '[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Id.* at 444, citing *Evers v. Astrue*, 536 F.3d 651, 656–57 (7th Cir. 2008).

**DISCUSSION**

The Federal Employers' Liability Act provides:

> Every common carrier by railroad while engaging in commerce between any of the several States or Territories … shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, *or, in case of the death of such employee, to his or her personal representative,* for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such

3

employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

45 U.S.C. § 51 (emphasis added).

The facts of this case, as alleged by Plaintiffs Tindall and Puffer in their Complaints, are indistinguishable in all material aspects from the facts underlying the Supreme Court's decision in *Missouri, Kansas, & Texas Ry. Co. v. Wulf*, 226 U.S. 570 (1913). The Court in *Wulf* held that a plaintiff in a FELA case may amend her complaint to properly allege capacity to sue, and that such amendment would relate back to the filing of the initial complaint. *Id*. at 576. The only issue before this Court, therefore, is whether *Wulf* remains good law.

Defendant argues that *Wulf* is distinguishable because "it was decided in 1913 and at that point in time, a mistake as to the proper party to sue was perhaps understandable." *Tindall*, Doc. 8, at 6; *Puffer*, Doc. 8, at 6. Because over 100 years have passed since *Wulf* was decided, Defendant argues that such a mistake is now unreasonable, and cites cases from the Eleventh and Second Circuits as well as a district court case from the Western District of Louisiana. *Id*. at 7.

In *Wulf*, the plaintiff brought action against a railroad company to recover damages for the death of her son. 226 U.S. at 571. Her initial complaint asserted that the plaintiff's claim was brought in her individual capacity as sole heir and beneficiary of her son's estate. *Id*. at 572. The plaintiff later amended her complaint, alleging that at the time of filing her original complaint there was no administration upon her son's estate and no need for any, but thereafter she was appointed temporary administratrix of the estate by the county court. *Id*. at 573. She also alleged that she was bringing the claim in her individual capacity as well as in her capacity as administratrix of her son's estate. *Id*. The defendant objected, arguing that the plaintiff was not the personal representative of the estate at the time the original complaint was filed and the

amendment asserting a claim as representative of the estate was made past the two-year statute of limitations for FELA actions. *Id*. at 574.

The Supreme Court found that while the plaintiff "could not, although sole beneficiary, maintain the action except as personal representative," the amendment, which differed only in the capacity to sue, was permissible. *Id*. at 575. Additionally, the Court held that the amendment was not "equivalent to the commencement of a new action, so as to render it subject to the two years' limitation prescribed by § 6 of the employers' liability act" because "[t]he change was in form rather than in substance. It introduced no new or different cause of action, nor did it set up any different state of facts as the ground of action, and therefore it related back to the beginning of the suit." *Id*. at 576 (internal citations omitted).

Neither Plaintiffs nor Defendant cite the Fifth Circuit's decision in *Lang v. Texas Pac. Ry. Co.*, but the Court finds it instructive. 624 F.2d 1275 (5th Cir. 1980). In *Lang*, the plaintiff had not been appointed administrator of the estate until after the jury verdict had been rendered. *Id*. at 1277. The defendant, however, did not plead lack of capacity and only raised the issue in a motion for new trial. *Id*. On appeal, the Fifth Circuit affirmed the District Court's decision to allow the plaintiff to amend her pleadings to demonstrate capacity.

> The appellants argue that because the appellee lacked the proper capacity throughout the trial, the trial and the verdict are nullities. We disagree. *See Reading Company v. Koons*, 271 U.S. 58, 46 S.Ct. 405, 70 L.Ed. 835 (1926). It is true, as the appellants contend, that only a personal representative may enforce the action. This limitation on enforcement, however, is not for the purpose of assuring that the proper party be before the court, but rather to assure all beneficiaries and heirs access to whatever funds might result from the litigation and to guarantee that the railroad will not be subject to multiple recoveries. Neither of those bases underlying s 51 are offended by permitting the appellee to amend her complaint after the trial has occurred. Moreover, it is apparent that the appellants have suffered no prejudice. The label affixed to the appellee is one of form not substance for the purpose of prosecuting the litigation. No new cause of action was involved nor were any different factual circumstances introduced. *See M.K.T. & R. Co. v. Wulf*, 226 U.S. 570, 577, 33 S.Ct. 135, 137, 57 L.Ed. 355 (1912). It

> would be a different situation if the appellee had never become the personal representative of the deceased because then the railroad could be subject to multiple recoveries. However, that case is not before us. Moreover, the appellants' failure to plead lack of capacity renders that objection waived. Rule 9(a) of the Federal Rules of Civil Procedure, although not requiring a plaintiff to aver capacity, does require a defendant to plead absence of capacity. *See Plumbers Local Union No. 519 of Miami v. Service Plumbing Company, Inc.*, 401 F. Supp. 1008 (D.C. Fla. 1975). Therefore, because the appellants failed to plead the appellee's lack of capacity, they have now waived that objection.

*Lang v. Texas & P. Ry. Co.*, 624 F.2d 1275, 1277 (5th Cir. 1980).

Finally, Plaintiffs filed supplemental notices informing this Court of a recent decision by a district court in Nebraska. *Tindall*, Doc. 16, *Puffer*, Doc. 15. In *West v. Union Pac. R.R. Co.*, No. 8:17-cv-36, *slip op.* at 9 (D. Neb. Sept. 12, 2017), the district court granted the plaintiff's motion for leave to amend her complaint to properly allege capacity to sue when the plaintiff was appointed as personal representative after the filing of the original complaint. The court reasoned that "the issue is one of form rather than substance," and noted that "[t]he amendment will not prejudice the Railroad because it has been on notice of the claim since its inception … [t]he plaintiff's claim is a type of claim—exposure to toxic chemicals in the workplace—of which the Railroad is surely familiar." *Id*.

Defendant has not pointed to any subsequent Supreme Court case explicitly or implicitly overturning the decision in *Wulf*. Rather, Defendant argues that *Wulf* is distinguishable because a mistake as to the proper party to sue was understandable in 1913 but is now unreasonable because the law has been clear for so long. *Tindall*, Doc. 8, at 6. Yet the Fifth Circuit—in 1980—and at least one district court—in 2017—have allowed plaintiffs to amend a complaint to properly allege capacity to sue when they were appointed as the representative of the estate after the original complaint was filed. See *Lang*, 624 F.2d at 1277; *West*, No. 8:17-cv-36, *slip op.* at 9 (D. Neb. Sept. 12, 2017). Notably, the Fifth Circuit allowed the plaintiff in *Lang* to amend her

6

complaint after the verdict was reached. Here, Defendant will not be prejudiced by allowing Plaintiffs leave to amend their complaint to properly allege capacity to sue. Consistent with *Wulf*, Defendant's Motions are therefore denied. 226 U.S. at 575. Plaintiffs are granted leave to amend their complaints within 21 days of this Order.

## CONCLUSION

For the reasons set forth above, Defendant's Motions [7], [7] are DENIED. Plaintiff Tindall and Plaintiff Puffer are GRANTED leave to file amended complaints in their respective cases within 21 days from the entry of this Order.

Signed on this 19th day of September, 2017.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge